# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS



**WILL WILSON**
**ATTORNEY GENERAL**

February 16, 1960

Honorable Doug Crouch
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. WW-800

Re: Liability of Fort
Worth Independent
School District
for certain excise
taxes.

Dear Mr. Crouch:

Your recent opinion request calls for a determination of whether the Fort Worth Independent School District is liable for the excise tax imposed upon radios, television sets, phonographs and component parts thereof, by Article 20.02, Vernon's Civil Statutes (House Bill 11, Acts of the 56th Legislature, Third Called Session, 1959, effective September 1, 1959).

Attorney General's Opinion WW-721, rendered November 12, 1959, is controlling on the issue of liability. There it was pointed out that no express state exemption from the tax was provided, but to the contrary, that "this State, any agency, institution, political subdivision or instrumentality of this State" were expressly designated as "persons" liable for the tax. See 20.01 (a) and (p), op.cit.

The inhibition against payment of the taxes embodied in Section 6 of Article VIII of the Texas Constitution, which prevents money being drawn from the State Treasury except in pursuance of specific appropriation made by law, is not applicable to the instant situation. Payments for the articles enumerated by Article 20.02 are not "drawn" from the State Treasury, but are made from school district funds subject to the control of the school district authorities. Consequently, it appears that the Fort Worth Independent School District cannot escape payment of the tax in question. This conclusion is buttressed,

if not compelled, by the case of State v. City of El Paso, 143 S.W.2d 366 (1940) which held that the City of El Paso was liable for the excise tax on gasoline used by the City which was purchased in the State of New Mexico.

## SUMMARY

The Fort Worth Independent School District is liable for the excise tax imposed upon radios, television sets, phonographs and component parts thereof, by Article 20.02, Vernon's Civil Statutes (House Bill 11, Acts of the 56th Legislature, Third Called Session, 1959, effective September 1, 1959).

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Assistant

JNP:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jot Hodges, Jr.
Marvin H. Brown, Jr.
Leon F. Pesek
Cecil C. Cammack, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore